IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01397-LTB

MICHAEL D. REA, II, and
ANTHONY L. JIMENEZ, SR.,

    Plaintiffs,

v.

MICHELLE RUFFINI, AVCF Mailroom,
COLO. DEPT. OF CORRECTIONS,
RICK RAMISH,
WARDEN RANDY LIND, et al.,
STEVE LUCERO, "STG" Coordinator,
SECURITY MJR. HOUSTON, and
ATTORNEY GENERAL JOHN SUTHERS, et al.,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Michael D. Rea, II, has filed *pro se* a "Motion to Reconsider Order Dismissing This Case and Reversal of the Court's Judgment in Favor of the Defendant as Premature" (ECF No. 15).  Mr. Rea asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 13) and the Judgment (ECF No. 14) entered in this action on June 27, 2014.  The Court must construe the motion to reconsider liberally because Mr. Rea is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion to reconsider will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion to reconsider filed by Mr. Rea pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the instant action without prejudice because Mr. Rea and co-Plaintiff, Anthony L. Jimenez, Sr., failed to cure all of the deficiencies. In particular, neither Plaintiff submitted to the Court the necessary authorization to calculate and disburse filing fee payments in support of their motions seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Mr. Rea alleges in the motion to reconsider that Plaintiffs intended to submit the necessary authorizations to the Court prior to the deadline, which he calculates to have been June 30, 2014, but they were

unable to do so because the Court prematurely dismissed the action on June 27, 2014. Mr. Rea also has submitted to the Court, apparently in an effort to cure the remaining deficiency, a document titled "Plaintiff's Letter/Notice of Authorization for the Disbursement of Filing Fees" (ECF No. 16). On July 11, 2014, Mr. Jimenez filed in this action a document titled "Plaintiffs [sic] Letter of Authorization Disbursing Fees" (ECF No. 17).

After review of the motion to reconsider and the entire file, the Court finds that Mr. Rea fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Rea is correct that the Court's Order of Dismissal mistakenly indicates the order directing Plaintiffs to cure the deficiencies in this action was entered on May 16, 2014, rather than the actual date of May 19, 2014. However, the thirty-day time limit set in the May 19 order to cure the deficiencies expired on June 18, 2014, well before the Court entered the Order of Dismissal on June 27, 2014. Therefore, Mr. Rea's assertion that the action was dismissed prematurely is incorrect, and his belated attempt to cure the remaining deficiency does not demonstrate that the Court erred in dismissing this action. Furthermore, Mr. Rea and Mr. Jimenez still have not filed proper authorizations to calculate and disburse filing fee payments. Therefore, the motion to reconsider will be denied. The Court dismissed the action without prejudice. Therefore, Mr. Rea may pursue his claims by filing a new action. Accordingly, it is

ORDERED that the "Motion to Alter or Amend Judgment" (ECF No. 7) is DENIED.

DATED at Denver, Colorado, this 15th day of July, 2014.

BY THE COURT:

s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court